IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

DARLENE HOGAN                                                                       PLAINTIFF

VS.                                          CASE NO. 04-CV-1084

CITY OF EL DORADO, a subordinate political
entity in the State of Arkansas; BOBBY BEARD,
Mayor of the City of El Dorado, in his official and
individual capacities; FLOYD MCADOO, Fire
Chief, El Dorado Fire Department, City of El
Dorado, in his official and individual capacities;
ROBERT MCDANIEL, Assistant Fire Chief, El
Dorado Fire Department, City of El Dorado, in
his official and individual capacities; KENNETH
KING, Assistant Fire Chief, El Dorado Fire
Department, City of El Dorado, in his official and
individual capacities; and various JOHN DOES
of the City of El Dorado and the El Dorado Fire
Department, policy makers, supervisors, agents,
and/or employees, in their individual and
official capacities                                                                  DEFENDANTS

## ORDER

Before the Court is a Motion to Stay Discovery filed on behalf of the Defendants. (Doc. No. 17). The Plaintiff has responded. (Doc. No. 19). The matter is ripe for consideration.

On August 4, 2004, Darlene Hogan filed this lawsuit against the City of El Dorado, Arkansas, and various city officials alleging violations of her civil rights protected by federal and Arkansas law. On August 25, 2005, the Defendants filed their Answer to Plaintiff's Complaint. In the Answer, the Defendants pled qualified immunity as an affirmative defense to Plaintiff's claims.

Defendants have now filed this Motion to Stay Discovery asking the Court to stay discovery in this case until a ruling is made on an upcoming motion for summary judgment which they intend to file. Defendants cite the Supreme Court case of *Harlow v. Fitzgerald,* 457 U.S. 800, 102 S.Ct. 2727 (1982) in support of their motion. They argue that, under *Harlow,* discovery should not be allowed until the Court has resolved the threshold immunity question of whether the law was clearly established at the time the action occurred.

Qualified immunity shields government officials from suit for actions taken within the scope of their employment unless they have violated "clearly established [federal] statutory or constitutional rights of which a reasonable person would have known." *Harlow,* 457 U.S. at 818. The Court found that subjecting public officials to suit entitles significant "social costs" including the expense of litigation, the diversion of official energy from pressing public issues, and the deterrence of able citizens from acceptance of public office." *Id.* at 814. The Court therefore found that qualified immunity should protect public officials from both "the costs of trial" and "the burden of broad-reaching discovery." *Id.* at 817-818. This principal was affirmed by the Court in later cases. *See, e.g., Anderson v. Creighton,* 483 U.S. 635, 638, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987).

In order to minimize these "social costs" the Court has expressed a preference for resolving the issue of qualified immunity before discovery. *See Harlow,* 457 U.S. at 818, 102 S.Ct. 2727; *Mitchell v. Forsyth,* 472 U.S. 511, 526-27, 105 S.Ct. 2806, 86 L.Ed.2d 411(1985); *Anderson,* 483 U.S. at 646 n.6, 107 S.Ct. 3034; *Siegert v. Gilley,* 500 U.S. 226, 232-33, 111 S.Ct. 1789, 114 L.Ed.2d 277 (1991). However, in its most recent decision addressing the issue, the Supreme Court stated that this is not an absolute right:

> Discovery involving public officials is indeed one of the evils that *Harlow* aimed to

address, but neither that opinion nor subsequent decisions create an immunity from *all* discovery. *Harlow* sought to protect officials from the costs of "broad-reaching" discovery, 457 U.S. at 818, 102 S.Ct. 2727, and we have since recognized that limited discovery may sometimes be necessary before the district court can resolve a motion for summary judgment based on qualified immunity.

*Crawford-El v. Britton,* 523 U.S. 574, 593 n. 14, 118 S.Ct. 1584, 140 L.Ed. 2d 759 (1998) (emphasis in original).

Therefore, even though the defendants have raised the defense of qualified immunity, they do not have an absolute right to avoid all discovery until the issue is resolved. Defendants may be subjected to limited discovery– that which pertains to the issue of qualified immunity. Therefore, Defendants' request to stay discovery until they can file a motion for summary judgment on qualified immunity is hereby **granted in part and denied in part**. Discovery may take place but is limited to the issue of qualified immunity.

IT IS SO ORDERED, this 16th day of August, 2005.

    /s/Harry F. Barnes
    Hon. Harry F. Barnes
    United States District Judge