IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

DARLENE HOGAN                                                                    PLAINTIFF

VS.                                            CASE NO. 04-CV-1084

CITY OF EL DORADO, a subordinate
political entity in the State of Arkansas;
BOBBY BEARD, Mayor of the City of
El Dorado, in his official and individual
capacities; FLOYD MCADOO, Fire Chief,
El Dorado Fire Department, City of El
Dorado, in his official and individual
capacities; ROBERT MCDANIEL,
Assistant Fire Chief, El Dorado Fire
Department, City of El Dorado, in his
official and individual capacities; KENNETH
KING, Assistant Fire Chief, El Dorado Fire
Department, City of El Dorado, in his
official and individual capacities; and various
JOHN DOES of the City of El Dorado and the
El Dorado Fire Department, policy makers,
supervisors, agents, and/or employees, in their
individual and official capacities                                              DEFENDANTS

## **MEMORANDUM OPINION**

Before the Court is a Motion for Summary Judgment filed on behalf of the Defendants, City of El Dorado, Bobby Beard, Floyd McAdoo, Robert McDaniel and Kenneth King. (Doc. No. 44). Plaintiff, Darlene Hogan, has filed a response to the motion. (Doc. No. 48). The matter is ripe for consideration.

The Plaintiff, Darlene Hogan, filed this action against the City of El Dorado, Arkansas and various city officials pursuant to 42 U.S.C. §§ 1983, 1985, 1986 and 1988, the American's

with Disabilities Act, 42 U.S.C. §12101 et seq., the Rehabilitation Act, 29 U.S.C. §§ 701 et seq. and 791 et seq., Title VII of the Civil Rights Act of 1964, the Equal Employment Opportunity Act of 1972, and the Civil Rights Act of 1991, 42 U.S.C. §2000e et seq., Arkansas Code Annotated §§ 16-123-105 through 108, and Article II, §§ 3, 18, and 29 of the Arkansas State Constitution. She alleges that the Defendants violated her constitutional rights under both state and federal law and discriminated against her on the basis of gender, disability and retaliation. The Defendants have filed for summary judgment on all claims. Hogan has responded and requests a stay of consideration of all issues except the question of qualified immunity.

At Defendants' request, the Court limited discovery in this case to the issue of qualified immunity. In light of this limitation, consideration of any other issues other than qualified immunity would be highly prejudicial to the Plaintiff. Therefore, all other issues raised by the Defendants in their summary judgment motion will be denied at this time, subject to refiling after discovery on those issue has been conducted. Accordingly, qualified immunity is the only appropriate issue before the Court and will be the only issue considered by the Court at this time.

## BACKGROUND

Darlene Hogan worked as a firefighter for the El Dorado, Arkansas, Fire Department. In 1999, Assistant Chief McDaniel began sexually harassing Hogan. The harassment took the form of sexual remarks, sexual advances, sexual touching and sexual grouping. She informally spoke to a number of supervisors about the harassment but did not make a formal written complaint as required by the department's personnel manual. Eventually, Hogan informed Chief McAdoo, in writing, that McDaniel and she had worked out their problems and that she did not wish to file a complaint against him.

2

Starting in 2001, Hogan began to have health problems which caused confusion, dizziness and insomnia. She reported these problems to Chief McAdoo. In March 2003, Hogan was diagnosed with profound hypoglycemia.

During this time, Hogan was late for work several times. Between October 2002 and April 2003, Hogan was late for work four times. In April 2003, Hogan was brought before the Efficiency Board of the El Dorado Fire Department. The board found that she had violated the department's rules regarding timely reporting for duty and she was disciplined two weeks off without pay. Hogan was also counseled that her discipline would be progressive if she continued to violate these rules. Hogan did not appeal this decision.

In November 2003, Hogan was again brought before the Efficiency Board for tardiness. The Board again found that Hogan had violated the department's rules regarding timely reporting for duty. It recommended that Hogan's discipline be either thirty (30) days off without pay or one demotion in rank. Hogan was demoted in rank from lieutenant to firefighter. She appealed this decision to the Civil Service Commission. On December 8, 2003, the Commission upheld the Board's decision and demoted Hogan to firefighter.

On May 4, 2004, Hogan filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging discrimination based upon sex, disability and retaliation. On August 4, 2004, Hogan filed this action against the City of El Dorado and various city officials, in both their official and individual capacities. In her complaint, Hogan alleges that she was subjected to a hostile work environment as a result of being sexually harassed by Assistant Chief McDaniel. She claims that she reported the harassment to Chief McAdoo who did nothing to stop it. Hogan claims that her discipline before the Efficiency

Board was in retaliation of her reporting the sexual harassment by McDaniel. Hogan also claims that she had a medical disability which she was reported to Chief McAdoo. She claims that her disability was not considered by the Efficiency Board in their discipline of her. Hogan also claims that she was subjected to disparate treatment. Hogan claims that individual Defendants, Bobby Beard (the mayor of City of El Dorado, Arkansas), Floyd McAdoo (Fire Chief), Robert McDaniel (Assistant Fire Chief) and Kenneth King (Assistant Fire Chief), discriminated against her and violated her Constitutional rights under the Ninth Amendment and Fourteenth Amendment substantive due process and equal protection clauses. Defendants argue that summary judgment should be granted in their favor on Plaintiff's claims against them in their individual capacities on the basis that these claims are barred by qualified immunity.

## STANDARD OF REVIEW

Summary Judgment is proper if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56(b). The Court views the evidence and the inferences which may be reasonably drawn from the evidence in the light most favorable to the nonmoving party. *See Enterprise Bank v. Magna Bank,* 92 F.3d 743, 747 (8th Cir. 1996); *see also Adkison v. G.D. Searle & Co.,* 971 F.2d 132, 134 (8th Cir. 1992). The moving party bears the burden of showing that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. *See Enterprise Bank v. Magna Bank,* 92 F.3d 743, 747 (8th Cir. 1996); *see also Celetex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The nonmoving party must demonstrate the existence of specific facts that create a genuine issue for trial; mere allegations or denials are not enough. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986); *Krenik v.*

*County of Le Sueur,* 47 F.3d 953, 957 (8th Cir. 1995). Summary judgment is to be granted only where the evidence is such that no reasonable jury could return a verdict for the nonmoving party. *See Liberty Lobby,* 477 U.S. at 250, 106 S.Ct. at 2511.

## DISCUSSION

Hogan has brought this §1983 suit against Mayor Beard, Chief McAdoo, Assistant Chief McDaniel and Assistant Chief King in their individual capacity. These Defendants contend that they are entitled to qualified immunity. Under qualified immunity, state actors are protected from civil liability when their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Kuha v. City of Minnetonka,* 367 F.3d 590, 601 (8th Cir. 2004)(quoting *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982)). At the summary judgment phase, the qualified immunity inquiry is a three-step process. The first question is whether the plaintiff has asserted a violation of a constitutional or statutory right. If so, the next question is whether or not the right asserted was clearly established at the time of the violation. And finally the question is, whether, viewing the facts in the light most favorable to the plaintiff, there are genuine issues of material fact as to whether a reasonable official would have known that the alleged action violated that right. *Hunter v. Namanny,* 219 F.3d 825, 829 (8th Cir. 2000).

First, the Court must decide if the facts alleged, taken in the light most favorable to the Plaintiff, demonstrate a violation of a federal constitution or statutory right. *Saucier v. Katz,* 533 U.S. 194, 200, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001). If they do not, then summary judgment in favor of the Defendants is appropriate. Therefore, the Court will first determine if Hogan has been discriminated against by the individual Defendants in this case in order to determine if her

constitutional or statutory rights have been violated.

*Hogan's Claim of Sexually Harassment/Hostile Work Environment*

Hogan claims that Defendant Robert McDaniel sexually harassed her by creating a hostile work environment. To establish a cause of action for hostile work environment sexual harassment, Hogan must prove: 1) she belongs to a protected group; 2) she was sexually harassed; 3) the conduct was based on Hogan's gender; 4) the conduct was unwelcome; and 5) the harassment affected a term, condition, or privilege of Hogan's employment. *Moring v. Ark. Dep't of Corr.,* 243 F.3d 452, 455 (8th Cir. 2001)(quoting *Scusa v. Nestle USA Co.,* 181 F.3d 958, 965 (8th Cir. 1999). Harassment affects a term, condition, or privilege of employment if it is sufficiently severe or pervasive to alter the condition of the victim's employment and create an abusive working condition. *Harris v. Forklift Sys., Inc.,* 510 U.S. 17, 21, 114 S.Ct. 367, 126 L.Ed.2d 295 (1993). Relevant factors for determining whether conduct rises to the level of abusiveness include the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferences with an employee's work performance. *Id.* at 23. The Supreme Court has made it clear that the conduct must be extreme to amount to a change in the terms and conditions of employment. *Faragher v. City of Boca Raton,* 524 U.S. 775, 788, 118 S.Ct. 2275, 141 L.Ed.2d 662 (1998).

With this standard in mind and viewing the evidence in the light most favorable to Hogan, the Court finds no evidence regarding the frequency of the McDaniel's harassment, its severity; whether it was physically threatening or humiliating and whether it unreasonably interfered with Hogan's work performance. Hogan simply alleges that McDaniel harassed her

6

and that the harassment consisted of sexual remarks, sexual advances, sexual touching and sexual grouping. This is insufficient to create a genuine issue of fact as to whether her work environment was objectively hostile. Hogan has not presented enough proof to support a claim of hostile work environment sexually harassment against Defendant McDaniel.

Hogan also claims that Defendant Floyd McAdoo violated her constitutional rights by failing to adequately address her verbal complaints of sexually harassment. In §1983 actions, supervisor liability is limited. *Boyd v. Knox,* 47 F.3d 966, 968 (8th Cir. 1995). A supervisor can only incur liability for a violation of a federally protected right when the supervisor is personally involved in the violation or when the supervisor's corrective inaction constitutes deliberate indifference toward the violation. *Choate v. Lockhart,* 7 F.3d 805, 809 (8th Cir. 1994)(quoting *Jones v. City of Chicago,* 856 F.2d 985, 992 (7th Cir. 1988)).

Viewing the evidence, in the light most favorable to Hogan, the Court finds that the record does not establish a genuine issue of material fact as to whether Defendant McAdoo was deliberately indifferent to Hogan's federally protected rights. The undisputed facts show that after Hogan verbally complained to Defendant McAdoo about McDaniel's conduct she was informed that any verbal allegation of sexual harassment could not be acted upon until it was received in writing as outline in the department's personnel manual. It is also undisputed that Hogan later informed McAdoo, in writing, that she had talked to the offending employee, that the matter was settled and that she did not wish to file a complaint against him. McAdoo was following departmental procedures by requesting Hogan's allegations in writing and when he was informed, in writing, that no complaint would be filed, it was not unreasonable for him to consider the matter settled. There is no evidence that McAdoo's inaction amounted to

deliberate indifference. Hogan has not presented enough proof in support of her claim that would allow a reasonable jury to conclude that Defendant Floyd McAdoo was deliberately indifferent to her federally protected constitutional rights.

*Hogan's Claim of Disparate Treatment*

Hogan claims that Defendant Kenneth King discriminated against her on the basis of her gender by not letting her work his shift. To establish a cause of action of gender discrimination, Hogan must prove that: 1) she is in the protected class; 2) she was qualified to do her job, or was meeting the legitimate expectations of her employer; 3) she suffered an adverse employment action; and 4) circumstances exist which give rise to an inference of discrimination. *Wheeler v. Aventis Pharm.,* 360 F.3d 853, 857 (8th Cir. 2004). Such an inference of discrimination may exist where an employee shows she was treated less favorably than other similarly situated employees who are not in her protected class. *Clark v. Runyon,* 218 F.3d 915, 918 (8th Cir. 2000). To make out her *prima facie* case, Hogan simply claims that Defendant King would not let her work his shift and that she was treated differently in terms of discipline and job duties. Hogan does not identify any similarly situated male employee who was treated more favorably, nor has she provided any other evidence to indicate discrimination on the basis of her gender. Hogan has not presented any evidence to create a genuine issue of material fact as to whether she was treated differently than similarly situated males or that circumstance exist that give rise to an inference of discrimination. She has not presented enough proof in support of her claim of discrimination that would allow a reasonable jury to conclude that Defendant Kenneth King discriminated against her on the basis of her gender.

Hogan also claims that she was discriminated against by Defendant McAdoo during her

application for disability retirement. She claims that she was treated differently than any other person applying for disability retirement with the El Dorado Fire Department. However, it is unclear to the Court on what this disparate treatment is based–gender or disability. Either way, Hogan has not identified any similarly situated person not in the protected class who was treated more favorably during this process. Hogan has not presented enough evidence to create a genuine issue of material fact as to whether she was subjected to disparate treatment during this process or that circumstances exist that give rise to an inference of discrimination. She has not presented enough proof in support of her claim that would allow a reasonable jury to conclude that Defendant Floyd McAdoo discriminated against her on the basis of gender or disability during her application for disability retirement.

*Hogan's Claim of Retaliation*

Hogan claims that she was retaliated against by Defendant McDaniel because she made a sexual harassment complaint against him.[1] To establish a cause of action for retaliation, Hogan must show that: 1) she participated in a protected activity; 2) she was subjected to an adverse employment action; and 3) there is a causal relationship between the participation in the protected activity and the subsequent adverse employment action. *Trammel v. Simmons First Bank of Searcy,* 345 F,3d 611, 615 (8th Cir. 2003). The evidence submitted to the Court shows that Hogan never formally reported McDaniel's alleged harassment. Rather, what is shown is that she formally reported that she was not going to make a complaint against him. Hogan has not shown that she engaged in a protected activity. Therefore, she has not presented enough

---

[1] Defendant McDaniel sat on the November 2003 Efficiency Board that recommended Hogan be demoted in rank or given 30 days off without pay for tardiness.

proof in support of her claim of retaliation that would allow a reasonable jury to conclude that Defendant Robert McDaniel retaliated against her.

*Hogan's Claim against Defendant Bobby Beard*

Hogan claims that Defendant Bobby Beard violated her constitutional rights by being deliberately indifferent to the discriminatory acts against her. In §1983 actions, supervisor liability is limited. *Boyd v. Knox,* 47 F.3d 966, 968 (8th Cir. 1995). A supervisor can only incur liability for a violation of a federally protected right when the supervisor is personally involved in the violation or when the supervisor's corrective inaction constitutes deliberate indifference toward the violation. *Choate v. Lockhart,* 7 F.3d 805, 809 (8th Cir. 1994)(quoting *Jones v. City of Chicago,* 856 F.2d 985, 992 (7th Cir. 1988)). Hogan has not presented any evidence that Defendant Beard knew of the alleged discrimination or that he played a role in it. The mere fact that this Defendant is the City of El Dorado's highest official is not enough for a reasonable jury to find that he himself was involved in a violation of Hogan's constitutional rights or that his inaction amounted to deliberate indifference.

*Fourteenth Amendment/Due Process Violation*

The Fourteenth Amendment guarantees "[s]ubstantive due process [, which] prevents the government from engaging in conduct that shocks the conscience or interferes with rights implicit in the concept of ordered liberty." *Moran v. Clarke,* 296 F.3d 638, 643 (8th Cir. 2002) (alterations in original)(*quoting Weiler v. Purkett,* 137 F.3d 1047, 1051 (8th Cir. 1998)(en bac)). To establish a substantive due process claim, Hogan must prove that "a government action was 'sufficiently outrageous' or 'truly irrational, that is, something more than ... arbitrary, capricious, or in violation of state law.' " *Young v. City of St. Charles,* 244 F.3d 623, 628 (8th Cir.

2001)(quoting *Anderson v. Douglas County,* 4 F.3d 574, 577 (8th Cir. 1993)).  Hogan alleges that she was subjected to hostile work environment sexual harassment, disparate treatment and retaliation by the individual Defendants in this case.  However, as indicated above, Hogan has presented no evidence that would allow a reasonable jury to conclude that these individual Defendants engaged in a course of discriminatory conduct that violated her constitutional rights.  Therefore, the Court can not find that the Defendants' actions were so egregious or outrageous as to shock the conscience and violate the Fourteenth Amendment Due Process Clause.

### *Fourteenth Amendment/ Equal Protection Violation*

The Equal Protection Clause of the Fourteenth Amendment states that no state can "deny to any person within its jurisdiction the equal protection of the laws."  U.S. Const. amend. XIV.  Thus, it prohibits government officials from selectively applying the law in a discriminatory way.  *Brandt v. Davis,* 191 F.3d 887, 893 (8th Cir. 1999).  In essence, it requires that all similarly situated persons must be treated alike under the law.  *Bogren v. Minnesota,* 236 F.3d 399, 408 (8th Cir. 2000).  Hogan alleges that she was treated differently than similarly situated persons not in her protected class by the individual Defendants in this case.  However, as indicated above, Hogan has presented no evidence that would support this claim of unequal treatment.  Therefore, the Court finds no Fourteenth Amendment equal protection violation.

### *Ninth Amendment Violation*

The Ninth Amendment provides that "[t]he enumeration in the Constitution of certain rights shall not be construed to deny or disparage others retained by the people."  U.S. Const. amend IX.  This amendment has traditionally been the basis for protection of those fundamental rights not expressly enumerated in the first eight amendments to the Constitution.  *See National*

*Ass'n of Property Owners v. U.S.,* 499 F.Supp 1223, 1246 (D.C. Minn. 1980)(citing *Griswold v. Connecticut,* 381 U.S. 479, 85 S.Ct. 1678, 14 L.Ed.2d 510 (1965)). Hogan contends that these unenumerated rights include the right to be free of gender and disability discrimination. Even if Hogan is correct in her contention that the Ninth Amendment protects citizens from such discrimination, she must still prove that she was discriminated against in order to have a violation of the Ninth Amendment. As indicated above, Hogan has presented no evidence that would allow a reasonable jury to conclude that these individual Defendants engaged in a course of discriminatory conduct that violated her constitutional rights. Therefore, the Court finds no violation of the Ninth Amendment.

*Qualified Immunity*

Because there is not enough evidence before the Court to create a genuine issue as to whether the Defendants' conduct violated Hogan's constitutional or statutory rights or support a valid constitutional claim against them, it is unnecessary for the Court to address whether the right was clearly established or whether a reasonable official would have known that the alleged conduct violated that right. Therefore, Defendants Bobby Beard, Floyd McAdoo, Robert McDaniel and Kenneth King are entitled to qualified immunity and summary judgment on Plaintiff's §1983 claim against them in their individual capacity.

CONCLUSION

Based upon the foregoing, the Court finds that Defendants Bobby Beard, Floyd McAdoo, Robert McDaniel and Kenneth King's are entitled to qualified immunity on Plaintiff's §1983 claims filed against them in their individual capacities. Therefore, Defendants' Motion for Summary Judgment on the bases of qualified immunity should be and hereby is **granted**. The

Court also finds that all other issues raised by the Defendants in their summary judgment motion are premature. Therefore, all other issues other than qualified immunity raised by the Defendants in their summary judgment motion should be and hereby are **denied** at this time, subject to refiling after discovery on those issue has been conducted. An order of even date will be issued.

      IT IS SO ORDERED, this 29th day of September, 2006.

                                         /s/Harry F. Barnes
                                         Hon. Harry F. Barnes
                                         United States District Judge